UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA,      )
                               )
                Plaintiff,     )
                               )
        v.                     )    No.  4:05CR690 RWS
                               )                 (FRB)
SERVANDO TREVINO, JR.,         )
                               )
                Defendant.     )


**MEMORANDUM, ORDER,**
**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Presently pending before the Court are several motions
filed by defendant Servando Trevino, Jr.  The motions were referred
to the undersigned United States Magistrate Judge pursuant to 28
U.S.C. § 636(b).  A hearing was held on the motions.  At the
hearing argument was heard on the motions but no testimony or
evidence was adduced on the motions inasmuch as the parties averred
that the introduction of evidence was unnecessary to the Court's
resolution of the issues raised in the motions.

    1.   Defendant's Various Motions To Dismiss

        In detailed fashion, the Indictment in the instant cause
alleges that defendant Servando Trevino, Jr., and others
participated in a money laundering conspiracy whereby proceeds of
unlawful activity, specifically illegal drug transactions, were
knowingly involved in financial transactions and that such
financial transactions were done with the intent to promote the

carrying on of such illegal drug activity; and knowing that such transactions were designed to disguise the nature, the location, the source, the ownership, or the control of the proceeds of such illegal drug activity. In Count I of the Indictment, it is alleged that such conspiracy violates 18 U.S.C. § 1956(h) in that defendant and others conspired to commit violations of 18 U.S.C. § 1956(a)(1)(A)(i) and (B)(i). In Counts II through IX of the Indictment, it is alleged that defendant knowingly engaged and attempted to engage in separate monetary transactions in criminally derived property, having a value greater than $10,000 and derived from illegal drug activity, in violation of 18 U.S.C. §§ 1957 and 2. In Count X, the Indictment alleges that on account of defendant's criminal activity, certain property is subject to forfeiture to the United States pursuant 18 U.S.C. § 982.

Defendant now moves to dismiss the Indictment, in part and in its entirety, arguing that the entire Indictment is multiplicitous, that Count I is duplicitous, and that Counts II through IX fail to allege the commission of a federal offense. The government has responded to the motions. Each of defendant's motions are addressed in turn.

A. <u>Motion to Dismiss Indictment for Multiplicity</u> (Docket No. 36)

In the instant motion, defendant acknowledges that he is charged in Count I of the Indictment with conspiracy to engage in money laundering, and that Counts II through IX of the Indictment

each allege a specific instance in which he is to have committed money laundering by engaging in a financial transaction knowing that the transaction involved criminally-derived proceeds. Defendant argues, however, that each of the substantive acts alleged in Counts II through IX is subsumed in Count I, the conspiracy count, and that therefore the danger exists that he may incur multiple punishments for the same conduct, thereby rendering the entire Indictment multiplicitous. As noted by the Eighth Circuit, however, such an argument is not well taken. United States v. Singer, 660 F.2d 1295, 1303 (8th Cir. 1981). A multiplicitous indictment is one that charges a single offense in multiple counts. United States v. Webber, 255 F.3d 523, 527 (8th Cir. 2001). "It is firmly established[, however,] that the commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses." Singer, 660 F.2d at 1303 (internal quotation marks and citations omitted); see Pinkerton v. United States, 328 U.S. 640 (1946). Indeed, "[i]t is permissible and also customary to join a conspiracy count with separate substantive counts." United States v. Graham, 548 F.2d 1302, 1310 (8th Cir. 1977). Because the conspiracy count and substantive counts of money laundering are separate offenses, defendant's argument that the charging of such offenses separately renders the Indictment multiplicitous is without merit and should be denied.

B.   <u>Motion to Dismiss Count I as Duplicitous</u> (Docket No. 35)

In the instant motion, defendant argues that Count I of the Indictment, as pled, charges him with conspiracy to commit two separate offenses and therefore charges two separate conspiracies, thus rendering Count I duplicitous and subject to dismissal.  For the following reasons, defendant's motion should be denied.

Rule 8(a), Federal Rules of Criminal Procedure, provides that the government may charge two or more connected offenses in the same indictment, provided each is charged in a separate count.

> Duplicity is the joining in a single count of two or more distinct and separate offenses. The principal vice of a duplicitous indictment is that the jury may convict a defendant without unanimous agreement on the defendant's guilt with respect to a particular offense. The risk inherent in a duplicitous count, however, may be cured by a limiting instruction requiring the jury to unanimously find the defendant guilty of at least one distinct act.

<u>United States v. Nattier</u>, 127 F.3d 655, 657 (8th Cir. 1997) (internal quotation marks and citations omitted).

A single count in an Indictment is not rendered duplicitous merely because it charges a conspiracy to commit more than one offense.  <u>United States v. Bauer</u>, 84 F.3d 1549, 1560 (9th Cir. 1996).  "Indeed, a single conspiracy exists even where the members of the conspiracy undertake to commit several crimes, so long as there is a single agreement."  <u>United States v. Slaughter</u>, 128 F.3d 623, 630 (8th Cir. 1997).  "There is no legal impediment

to entering into a conspiracy to commit several crimes. The gist of the offense is the conspiracy, and it is single, though its object is to commit a number of separate crimes." Tramp v. United States, 86 F.2d 82, 83 (8th Cir. 1936).

In Count I, defendant is charged with conspiring to violate 18 U.S.C. § 1956(a)(1)(A)(i) and (B)(i)[1], as proscribed by 18 U.S.C. § 1956(h).[2] Specifically, this count of the Indictment charges that the purposes and objects of the conspiracy were to conduct financial transactions affecting interstate commerce by

---

[1]Title 18 U.S.C. § 1956(a)(1) provides:

Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity –

(A)(i) with the intent to promote the carrying on of specified unlawful activity; or
. . .
(B) knowing that the transaction is designed in whole or in part –
(i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity;
. . .

shall be sentenced to a fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater, or imprisonment for not more than twenty years, or both.

[2]Title 18 U.S.C. § 1956(h) provides that "[a]ny person who conspires to commit any offense defined in this section or section 1957 shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy."

causing to be transported interstate, deposited in a financial institution, transferred for the purpose of transferring title to real estate, and transferred for the purpose of constructing and improving houses, large sums of United States currency involving the proceeds of a specified unlawful activity,[3] with intent to promote the carrying on of the specified unlawful activity, and knowing the transactions were designed to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, and further knowing that the property involved represented said proceeds. Assuming for purposes of this argument only that § 1956(a)(1)(A)(i) and (B)(i) constitute separate offenses, the allegation in Count I nevertheless is that defendant participated in a single conspiracy to commit such offenses. Such a single charge of conspiracy to commit multiple offenses does not render the count duplicitous. Bauer, 84 F.3d at 1560. Indeed, in United States v. Huber, 404 F.3d 1047 (8th Cir. 2005), the Eighth Circuit upheld a conviction on a similar count of conspiracy under § 1956(h), finding that "a reasonable jury could conclude that the conspiracy involved violations of sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), or both." See id. at 1057-58. Where there is only one agreement, only one offense is committed. United States v. Abboud, 273 F.3d 763, 766 (8th Cir. 2001). See

---

[3]The specified unlawful activity is alleged to be the sale, distribution, and otherwise dealing in narcotics or dangerous drugs, as defined in 21 U.S.C. §§ 841, et seq.

also <u>United States v. Pierce</u>, 479 F.3d 546, 552-53 (8th Cir. 2007) (three separate crimes constituted multiple facets of one conspiracy).

To the extent defendant argues that § 1956(a)(1)(A)(i) and (B)(i) define separate and distinct offenses and that Count I is duplicitous in that it necessarily charges a separate conspiracy to commit each offense, the undersigned notes that duplicity concerns are not present here inasmuch as the underlying statute, that is, § 1956(a)(1), is one which merely enumerates one or more ways of committing a single offense. <u>Cf.</u> <u>United States v. Moore</u>, 184 F.3d 790, 793 (8th Cir. 1999).  In such a case, each of the different ways of committing the offense may be alleged in the conjunctive in one count, and proof of any one of the enumerated methods will sustain a conviction.  <u>See</u> <u>id.</u>; <u>see also</u> <u>Nattier</u>, 127 F.3d at 657 (8th Cir. 1997).  Title 18 U.S.C. § 1956(a)(1) makes it a criminal offense to launder monetary instruments which represent the proceeds of unlawful activity.  <u>See</u> <u>Huber</u>, 404 F.3d at 1059. The statute then separately lists each manner of violating the statute and imposes a single penalty for all of them, "a construction which indicates that Congress did not mean to create more than one offense." <u>United States v. Street</u>, 66 F.3d 969, 974 (8th Cir. 1995) (quoting <u>United States v. Mal</u>, 942 F.2d 682, 688 (9th Cir. 1991)); <u>see also</u> <u>United States v. Jackson</u>, 935 F.2d 832, 842 (7th Cir. 1991) (§ 1956(a)(1) only requires proof of violation

of either (A)(i) *or* (B)(i)).[4]  The language used in Count I, which alleges a violation of § 1956(h) by the defendant's conspiracy to commit offenses under § 1956(a)(1)(A)(i) and (B)(i), tracks the statutory language of § 1956 except that it uses the conjunctive *and* rather than the disjunctive *or* for the commission of the underlying offense of money laundering.  Since the underlying statute is one which "enumerates one or more ways of committing a single offense," <u>Moore</u>, 184 F.3d at 793, "all may be alleged in the conjunctive in one count of the indictment."  <u>Street</u>, 66 F.3d at 974.[5]

Count I of the Indictment here alleges that the defendant conspired to commit certain conduct proscribed by 18 U.S.C. § 1956(a)(1) in a manner delineated in subparagraphs (A)(i) and

---

[4]In an unpublished opinion, the District Court of North Dakota denied a defendant's motion to dismiss which pursued the same duplicity argument raised here, finding that § 1956(a)(1)(A)(i) and (B)(i) identify two different methods of completing the same general offense.  <u>See</u> <u>United States v. Huber</u>, No. CR. C3-00-76, 2002 WL 257851, at *3 (D.N.D. Jan. 3, 2002).  Defendant Huber's subsequent conviction on all counts of the Indictment was affirmed by the Eighth Circuit on direct appeal, including those counts which charged defendant with violating both § 1956(a)(1)(A)(i) and (B)(i).  <u>United States v. Huber</u>, 404 F.3d 1047 (8th Cir. 2005).

[5]The undersigned notes, however, that charges in the conjunctive must nevertheless be proved in the disjunctive. <u>Nattier</u>, 127 F.3d at 657.  In other words, although the government is free to present evidence that the defendant violated the statute in any or all of the enumerated manners, in order to prevail, it must convince the entire jury that defendant violated the statute in one particular way.  To the extent that the conjunctive language of the Indictment might confuse the jury, this potential problem can be cured by an appropriately worded jury instruction.  <u>Id.</u> at 657-58.

(B)(i) therein.  Charging a conspiracy to commit this general offense in more than one way does not render the count duplicitous.

For all of the foregoing reasons, Count I of the instant Indictment is not duplicitous and should not be dismissed.

C.   <u>Motion to Dismiss Counts II through IX of the Indictment</u>
     (Docket No. 34)

Defendant contends that Counts II through IX of the Indictment should be dismissed inasmuch as the acts alleged therein do not constitute an offense under 18 U.S.C. § 1957.

"Whoever . . . knowingly engages or attempts to engage in a monetary transaction in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity," commits an offense under 18 U.S.C. § 1957.  For purposes of § 1957, the term "monetary transaction" means "the deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument . . . by, through, or to a financial institution . . . , including any transaction that would be a financial transaction under section 1956(c)(4)(B) of this title[.]"[6] Defendant contends that Counts II through IX, when read with the allegations made in Count I, allege

---

[6]Under § 1956(c)(4)(B), the term "financial transaction" means "(A) a transaction which in any way or degree affects interstate or foreign commerce (i) involving the movement of funds by wire or other means or (ii) involving one or more monetary instruments, or (iii) involving the transfer of title to any real property, vehicle, vessel, or aircraft, or (B) a transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree[.]"

that defendant made payments of United States currency to a "developer." Defendant argues that because a "developer" does not fall within any relevant definition of "financial institution,"[7] Counts II through IX fail to allege that the defendant engaged in a monetary transaction "by, through, or to a financial institution" as is required to commit an offense under § 1957. For the following reasons, defendant's argument fails.

Rule 7(c)(1) of the Federal Rules of Criminal Procedure states that "[t]he indictment . . . shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." The indictment "shall state the statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated." <u>Id.</u>

> An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution.

<u>United States v. Carter</u>, 270 F.3d 731, 736 (8th Cir. 2001).

---

[7]Section 1957 adopts the definition of "financial institution" as used in 18 U.S.C. § 1956. <u>See</u> 18 U.S.C. § 1957(f)(1). As used in § 1956, "the term 'financial institution' includes -- any financial institution, as defined in section 5312(a)(2) of title 31, United States Code, or the regulations promulgated thereunder." 18 U.S.C. § 1956(c)(6)(A). Title 31 U.S.C. § 5312(a)(2) in turn delineates twenty-six separate entities considered to be "financial institutions."

An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge an offense to sustain a defendant's conviction thereof. Id.

In each of Counts II through IX of the instant Indictment, it is alleged that, on separate dates, defendant did

> knowingly engage and attempt to engage in a monetary transaction by, through or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000.00, by transferring and causing to be deposited United States currency in [a specified amount], such property having been derived from a specified unlawful activity, that is the sale, distribution, and otherwise dealing in narcotics or dangerous drugs, as defined in Title 21, United States Code, Section 841, et. seq.[, i]n violation of Title 18, United States Codes [sic], Sections 1957 and 2.

This verbiage tracks the language of § 1957, contains all of the essential elements of the offense charged, and informs the defendant of the charges against him which he must defend, enabling him to plead an acquittal or conviction in bar of future prosecution for the same offenses. Nothing more is required. Although defendant argues that a reading of the Indictment in its entirety shows defendant's alleged transfers of currency to have been made to a developer, which is an entity that does not qualify as a financial institution under the statute, the undersigned notes

that transfers of currency to a non-financial institution does not _per se_ preclude a finding that such transfers resulted in such currency being deposited in a financial institution, thereby bringing defendant's alleged conduct within the proscriptions of the statute. <u>See</u> <u>United States v. Richard</u>, 234 F.3d 763, 767-68 (1st Cir. 2000); <u>see also</u>, <u>e.g.</u>, <u>United States v. Oliveros</u>, 275 F.3d 1299, 1303-04 (11th Cir. 2001). Indeed, at the hearing on the instant motion, the government stated that its theory underlying Counts II through IX was that the defendant caused such currency to be so deposited by acting in concert with the developer. While this specific factual allegation is not made within Counts II through IX, the failure of an Indictment to state every fact concerning an offense does not destroy the pleading. <u>Hanf v. United States</u>, 235 F.2d 710, 713 (8th Cir. 1956).

Each count challenged here is a plain, concise and definite statement of the essential facts constituting the offense charged and complies in all respects with Rule 7(c), Federal Rules of Criminal Procedure. Because it cannot be said that Counts II through IX, by any reasonable construction, fail to charge an offense upon which defendant's conviction thereof may be sustained, defendant's Motion to Dismiss Counts II through IX of the Indictment should be denied.

The defendant filed various motions all seeking discovery or disclosure of information relating to the pending case. At the hearing on the motions counsel for the parties informed the court that they were continuing to make efforts to resolve between them the issues raised in the defendant's various discovery and disclosure motions. Subsequently, a memorandum was filed with the court reporting on those efforts. The parties noted which issues had been resolved and which remained for the court's ruling. (See Docket No. 47).

2. <u>Motion Of Defendant For Order Compelling Disclosure By The Government</u> (Docket No. 32)

The parties report that they have resolved the issues raised in Paragraph 1 of defendant's motion. Therefore, the motion will be denied as moot as to Paragraph 1.

As to the request made in Paragraph 2 of defendant's motion, in accordance with Rule 16(a)(1)(E), Federal Rules of Criminal Procedure, it is ordered that the government shall permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody or control, and the item is material to preparing the defense; the government intends to use the item in its case-in-chief at trial; or the item was obtained from or belongs to the defendant. To the extent that the defendant in Paragraph 2 requests disclosure beyond that ordered

here to be disclosed, his motion will be denied.  <u>United States v. Rhoads</u>, 617 F.2d 1313, 1319 (8th Cir. 1980).

As to the request made in Paragraph 3 of the defendant's motion, the government is not required to disclose statements made by co-conspirators.  <u>United States v. Gibson</u>, 105 F.3d 1229, 1234 (8th Cir. 1997); <u>United States v. Hoelscher</u>, 914 F.2d 1527, 1535 (8th Cir. 1990), <u>cert.</u> <u>denied</u>, 498 U.S. 1090 (1991).  The defendant's motion should be denied as to the request made in Paragraph 3.

As to the request made in Paragraph 4 of the defendant's motion, the government has agreed to produce, and presumably has produced, the entire case report prepared by the DEA case agent.  The government has also agreed to permit the defendant to inspect and copy all financial records of the defendant and his family, which were obtained by the government during its investigation.  To the extent that the defendant's motion seeks such disclosure it will be denied as moot.  In all other respects the motion will be denied.  The defendant is not entitled to discover investigative reports prepared by government agents not otherwise discoverable.  <u>United States v. Krauth</u>, 769 F.2d 473, 476 (8th Cir. 1985); <u>United States v. Roach</u>, 28 F.3d 729, 734 (8th Cir. 1994).  To the extent that any such materials are required to be disclosed pursuant to Rule 16(a)(1)(E), Federal Rules of Criminal Procedure it has been ordered disclosed, <u>supra</u>.  To the extent that any such materials

are required to be disclosed pursuant to Rule 16(a)(1)(G), Federal Rules of Criminal Procedure, the parties report to the court states that the request (also made in Paragraph 1) has been resolved.

As to the request made in Paragraph 5, of the defendant's motion, the government is not required to disclose the names or statements of its witnesses prior to the trial of the case. 18 U.S.C. § 3500; Rule 16(a)(2), Federal Rules of Criminal Procedure; United States v. Pelton, 578 F.2d 701, 707-08 (8th Cir.), cert. denied, 439 U.S. 964 (1978). "Although in many cases the government freely discloses Jencks Act material to the defense in advance of trial, the government may not be required to do so." United States v. White, 750 F.2d 726, 729 (8th Cir. 1984). The defendant's motion will be denied as to the requests made in Paragraph 5 of the motion.

3.  Motion For Disclosure Of Material Favorable To Defendant (Docket No. 39)

The parties report to the court that they have resolved the issues raised in Paragraphs 1 and 3 of the defendant's motion and the motion will be denied as moot with respect to those matters.

As to the issues raised in the remaining paragraphs of the defendant's motion it is ordered that the government shall provide to the defendant any evidence in its possession which is favorable to the defendant and which is material to the guilt or innocence of the defendant as to punishment. Brady v. Maryland,

373 U.S. 83 (1963).  This includes evidence which may be used to impeach the testimony of government witnesses.  <u>United States v. Bagley</u>, 473 U.S. 667 (1985).  Specifically, at the time of trial, the government shall provide to the defendant the following material or information, if any exists, as to any person who it calls as a witness at the trial of this case:

      1.    The prior criminal history of convictions of the witness;

      2.    Any consideration offered or given to the witness in exchange for his/her testimony and/or cooperation in the investigation of the case;

      3.    Any statement of the witness which relates to the subject matter about which he/she is to testify (Jencks Act Material).

To the extent that the defendant's motion requests such disclosure it is granted.  In all other respects it is denied.  <u>See</u> <u>United States v. Pou</u>, 953 F.2d 363, 365-67 (8th cir.) <u>cert.</u> <u>denied</u>, 504 U.S. 926 (1992).

    4.   <u>Motion To Compel Disclosure Of And Other Information Relating To Confidential Informants</u> (Docket No. 40)

      The parties report to the court that the government has provided the information sought by the defendant in Paragraph 1, sections a and b of the defendant's motion.  They further report that the government has agreed to provide the information sought in Paragraph 2, sections a-f of the defendant's motion as it applies to the persons identified in response to the request made in Paragraph 1, sections a and b.  The parties further report that the

government has stated that it has no evidence or information that is responsive to the request made in Paragraph 2, sections g and h. Further, the government has stated that the persons identified in response to the requests made in Paragraph 1, sections a and b will be called by the government as witnesses at trial. Therefore, the court's ruling with respect to material required to be produced as to such witnesses is applicable to these persons. Therefore the defendant's motion will be denied as moot as to the requests set out above.

The issues raised in Paragraph 1, section c, and Paragraph 2, section i, and Paragraph 3 remain in dispute.

In Paragraph 1, section c, the defendant requests the disclosure of the identity of any and all informants utilized by the government in the investigation of the case, in addition to those already identified by the government. The government has a privilege to withhold the identity of persons who confidentially provide information to law enforcement officials. Roviaro v. United States, 353 U.S. 53, 59 (1957). However, disclosure of the identity of such persons may be required if such disclosure is relevant and helpful to the defense or essential to a fair determination of the cause. Id. at 61. The defendant bears the burden of demonstrating that such disclosure is required. United States v. Fairchild, 122 F.2d 605, 609 (8th Cir. 1997), Cert. denied, 522 U.S. 1131 (1998). "In order to override the

government's privilege of nondisclosure, defendants must establish beyond mere speculation that the informant's testimony will be material to the determination of the case." United States v. Harrington, 951 F.2d 876, 877 (8th Cir. 1991). It is an abuse of the court's discretion to order disclosure absent such a showing by the defendant. United States v. Grisham, 748 F.2d 460, 463 (8th Cir. 1984). While the defendant here may have arguably met his burden with respect to the informants set out in Paragraph 1, sections a and b, he has utterly failed to do so with respect to the request for disclosure of the identity of "any other confidential informant" made in Paragraph 1, section c. His motion for disclosure of the identity of such "other" informants will be denied.

The requests made in Paragraph 2, section i, have previously been ordered disclosed in the rulings on defendant's various other motions, or are the type of internal documents precluded from discovery as discussed in the rulings on defendant's other discovery motions. The defendant's motion will be denied as to the requests made in Paragraph 2, section i.

Finally, in Paragraph 3, the defendant requests that the persons named in Paragraph 1, sections a and b, be produced by the government for pretrial interviews. The government has identified these individuals to the defendant and has informed the defendant that both are incarcerated serving federal sentences. As noted,

the government states that it intends to call these persons as witnesses at trial.  The defendant avers that it would be helpful to his defense if the government would produce the witnesses for interview prior to trial.  However, he has cited no authority by which the government can be compelled to do so.  The request made in Paragraph 3 of the defendant's motion will be denied.

  5. <u>Motion For Bill Of Particulars</u> (Docket No. 31)

   The government has responded to and set out the information requested in Paragraphs 1 and 2 of defendant's motion and the motion will be denied as moot as to those requests.  The remainder of the information sought by the defendant is not information that is properly sought in a bill of particulars.

   The purpose of a bill of particulars is to apprise the defendant of the nature of the charges against him and to prevent undue surprise at trial.  <u>United States v. Miller</u>, 543 F.2d 1221, 1224 (8th Cir. 1976), <u>cert. denied</u>, 429 U.S. 1108 (1977).  However, a bill of particulars is not a proper vehicle by which to seek to obtain names of witnesses, evidentiary detail or the government's theory of the case.  <u>United States v. Largent</u>, 545 F.2d 1039 (6th Cir. 1976); <u>United States v. Matlock</u>, 675 F.2d 981, 986 (8th Cir. 1982).  A Bill of Particulars is not intended to be a substitute for discovery, nor is it designed to provide information which the defendant might regard as generally helpful, but which is not essential to his defense.  <u>United States v. Wessels</u>, 12 F.3d 746,

750 (8th Cir. 1993), cert. denied, 513 U.S. 831 (1994), citing United States v. Hester, 917 F.2d 1083, 1084 (8th Cir. 1990); United States v. Matlock, 675 F.2d 981, 986 (8th Cir. 1982) ("Acquisition of evidentiary detail is not the function of the bill of particulars."); United States v. Hill, 589 F.2d 1344, 1352 (8th Cir. 1979), cert. denied, 442 U.S. 919, 99 S.Ct. 2843, 61 L.Ed.2d 287 (1979); United States v. Little, 562 F.2d 578, 581 (8th Cir. 1977). "A bill of particulars may not be used to compel the government to provide the essential facts regarding the existence and formation of a conspiracy. Nor is the government required to provide the defendant with all overt acts that might be proven at trial." United States v. Rosenthal, 793 F.2d 1214, 1227 (11th Cir. 1986), cert. denied, 480 U.S. 919 (1987). See also, United States v. Key, 717 F.2d 1206, 1210 (8th Cir. 1983)(No error in denying motion for bill of particulars requesting time and place of acts alleged, and manner in which they occurred.); United States v. Gray, 464 F.2d 632, 635 (8th Cir. 1972)(No error in denying motion for bill of particulars requesting manner in which offense was committed and evidence demonstrating defendant's knowledge.) Further, the government has provided substantial discovery to the defendant including the complete case report prepared by the DEA case agent. Such discovery obviates the need for a bill of particulars. United States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1979). The defendant's motion will be denied.

6. **Motion For Severance Of Defendant's Based On Prejudicial Joinder** (Docket No. 37)

In this motion the defendant seeks a separate trial from co-defendant Jorge Trevino. Jorge Trevino has never been arrested or appeared before the court in this cause. Therefore, the defendant's motion will at this time be denied as moot.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that defendant Servando Trevino, Jr.'s Motion to Dismiss Indictment for Multiplicity (Docket No. 36), Motion to Dismiss Count I as Duplicitous (Docket No. 35), and Motion to Dismiss Counts II through IX of the Indictment (Docket No. 34) be denied.

**IT IS HEREBY ORDERED** that the Motion Of Defendant For Order Compelling Disclosure By The Government (Docket No. 32) is denied in part as moot, and denied in part.

**IT IS FURTHER ORDERED** that the Motion For Disclosure Of Material Favorable To Defendant (Docket No. 39) is granted in part, denied in part as moot, and denied in part.

**IT IS FURTHER ORDERED** that the Motion To Compel Disclosure Of And Other Information Relating To Confidential Informants (Docket No. 40) is denied in part as moot, and denied in part.

**IT IS FURTHER ORDERED** that the Motion For A Bill Of Particulars (Docket No. 31) is denied in part as moot, and denied in part.

**IT IS FURTHER ORDERED** that the Motion For Severance of Defendants Based On Prejudicial Joinder (Docket No. 37) is denied as moot.

The parties are advised that any written objections to this Report and Recommendation shall be filed not later than **Tuesday, May 1, 2007.** Failure to timely file objections may result in waiver of the right to appeal questions of fact. <u>Thompson v. Nix</u>, 897 F.2d 356, 357 (8th Cir. 1990).

UNITED STATES MAGISTRATE JUDGE

Dated this 20th day of April, 2007.